UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MAX MEZROW,                                                            :
:
                    Plaintiff,                                      :
:      23-CV-3755 (JMF)
            -v-                                                    :
:      ORDER OF DISMISSAL
HOTEL HAYDEN et al.,                                                   :
:
                    Defendants.                                      :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      "[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Consistent with that proposition, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

      In the present case, jurisdiction is premised on diversity of citizenship, pursuant to Title 28, United States Code, Section 1332. It is well-established that a plaintiff must affirmatively allege the citizenship of every party in order to establish diversity jurisdiction. Here, Plaintiff amended his Complaint thrice at the Court's direction, *see* ECF Nos. 16, 18, 19, but still failed to allege the citizenship of every party. He did not affirmatively identify and plead the citizenship of each member of Defendant Fortuna Realty, LLC, as is required to establish an LLC's citizenship. *See* ECF No. 18, ¶ 3; ECF No. 19, ¶ 3; *see also, e.g.*, *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020); *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015). Plaintiff also did not mention the citizenship of Defendant Fortuna Hotel Collection at all.

      The Court has twice warned Plaintiff that if he failed to file an amended complaint establishing this Court's subject-matter jurisdiction, his case would be dismissed. *See* ECF Nos. 13, 17. Plaintiff has failed to plead the citizenship of all of the parties, and therefore has failed to establish the Court's subject-matter jurisdiction. Accordingly, the complaint is hereby DISMISSED without prejudice for lack of subject-matter jurisdiction. Any pending motions are moot and any conferences are canceled. The Clerk of Court is directed to close the case.

      SO ORDERED.

Dated: May 25, 2023
       New York, New York                  _____
                                                            JESSE M. FURMAN
                                                           United States District Judge